UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARVIN DOUZE,

        Plaintiff,

v.                                             Case No. 3:18-cv-443-J-34PDB

JAMES A. STAMEN, et al.,

        Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Marvin Douze, an inmate of the Florida penal system, initiated this action on April 2, 2018, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Douze names as Defendants two physicians at Jacksonville Memorial Hospital, James A. Stamen and E. Martinez; the Secretary of the Department of Corrections (DOC), Julie Jones; Corizon Health Services; and the Division of Risk Management. In his two-count Complaint, Douze asserts claims of negligence under Florida Statutes section 768.28 and deliberate indifference under 42 U.S.C. § 1983.[1]

In support of the alleged deliberate indifference claim, Douze asserts that all Defendants "were or should have been fully aware of Douze'[s] need for competent medical attention" to treat his serious medical need of blindness. In particular, Douze states the following:

> Despite their knowledge or due to other [deliberate indifference] in assessing [Douze's] condition, [D]efendants

---

[1] Douze states, in a preliminary statement, that he is also asserting claims for intentional discrimination and a violation of the Americans with Disabilities Act. See Complaint at 8. However, Douze includes no factual allegations in support of these claims. See generally id.

> failed to provide even minimally adequate care, failed to provide Douze with glasses instead of surgery, failed to properly examine, diagnose and treat Douze'[s] inability to read and for all practical purposes abandoned Douze to one of the . . . [worse] condition[s] that one would ever have to endure, loss of eyesight.
>
> The medical care and services provided to Douze by all [D]efendants was so grossly substandard, incompetent and/or inadequate as to be fairly characterized as medical care so cursory as to amount to no medical care at all. In other words, with no medical care at all, Douze would still have his eyesight.

Id. at 15-16. Douze asserts that his right-eye blindness was caused by a 2014 surgery performed by Dr. Stamen, who, according to Douze, did not warn him that the surgery could render him blind. Id. at 10-11. Douze also claims that his requests for referral to a "more competent doctor" have been ignored and his grievances were denied.[2]

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

---

[2] While Douze asserts that his request for a referral was denied, a formal grievance response dated October 24, 2014 (Doc. 2-2; Grievance Docs.), notes that Dr. Moore referred Douze to a retinal specialist, but Douze "stated that [he] did not want to be seen by a retinal specialist." See Grievance Docs. at 3. Douze was informed that he retained the "option to sign up for sick call to be evaluated for a referral to the retinal specialist." Id.

556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Douze's Complaint is subject to dismissal under this Court's screening obligation because he has failed to "state a claim to relief that is plausible on its face." See Ashcroft, 556 U.S. at 678. Before addressing Douze's substantive claim, however, the Court notes that Douze failed to disclose, in his Complaint, a prior civil rights action he filed, which alone could constitute a basis for dismissal of this action. A court may, in its discretion, dismiss a complaint for abuse of judicial process if a pro se plaintiff knowingly and deliberately fails to disclose prior lawsuits based on conditions of confinement. See Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132 (11th Cir. 2012) (affirming dismissal where the plaintiff failed to disclose a prior action dismissed under § 1915 as frivolous, malicious, or for failure to state a claim).

In his Complaint, Douze responded "no" to the following question: "Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" <u>See</u> Complaint at 2. The Court takes judicial notice of a prior civil rights case Douze instituted in this Court: Case No. 3:16-cv-521-J-20JBT (2016 case). In the 2016 case, Douze sought relief for the same medical condition he complains of in this Complaint, and he named most of the same defendants, including Julie Jones, Corizon, and Dr. Stamen.[3] This Court dismissed the 2016 case under § 1915(e), finding that Douze failed to state a claim for relief because he alleged no more than medical negligence, and he failed to allege facts supporting supervisory liability. <u>See</u> Order (Doc. 4), Case No. 3:16-cv-521-J-20JBT.

Not only is Douze's Complaint subject to dismissal for his abuse of judicial process, but his Complaint also fails to state a claim for relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." <u>See</u> <u>Bingham</u>, 654 F.3d at 1175 (alteration in original). A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104–05 (1976). However, "[t]o show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003)).

---

[3] In the 2016 case, Douze did not name Dr. Martinez as a defendant, but rather named Dr. Ladell.

First, the plaintiff must satisfy the objective component by showing that he had a serious medical need. Brown, 387 F.3d at 1351. Next, the plaintiff must satisfy the subjective component, which requires the plaintiff to "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.") (citing Farrow, 320 F.3d at 1245). Allegations of medical negligence fail to satisfy the subjective component of an Eighth Amendment deliberate indifference claim under § 1983. See Estelle, 429 U.S. at 105-06. More specifically, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106.

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. . . . In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id. at 105-06. See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"). Moreover, alleging a "simple difference in medical opinion" does not state a deliberate indifference claim. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 2007).

5

Even reading Douze's Complaint liberally, as this Court must do, he does not state a cognizable Eighth Amendment claim. At most, Douze's factual allegations sound in medical negligence. Importantly, Douze recognizes that he did in fact receive medical treatment, including referrals to specialists and surgical intervention. Douze merely asserts that he disagrees with Dr. Stamen's decision to perform surgery rather than to pursue other treatment options, and he is unhappy with the surgical results.[4] While the Court sympathizes with Douze's unfortunate loss of sight, an unsuccessful surgery does not translate into a constitutional violation in favor of the patient. Douze does not allege that Defendants refused to provide essential care or that the care rendered was "so inappropriate as to evidence intentional maltreatment." Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986). Douze's allegations simply do not state a claim under the stringent deliberate indifference standard. See id.

To the extent Douze names Defendants Jones and Corizon (Supervisory Defendants) in their role as supervisors, Douze's claim against them fails. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in [her] individual capacity for the actions of a subordinate is extremely rigorous." Id. Supervisor liability arises only "when the supervisor personally participates in the alleged constitutional

---

[4] Douze does not attribute any negligent treatment directly to Dr. Martinez. Douze simply asserts that Dr. Martinez initially diagnosed him with a "visual disturbance," and referred Douze to a vision specialist, Dr. Stamen. See Complaint at 10. To the extent Douze's claim against Dr. Martinez rests on a theory of vicarious liability, he fails to state a claim against Dr. Martinez. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

6

violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted).

> The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Alternatively, the causal connection may be established when a supervisor's "custom or policy ... result[s] in deliberate indifference to constitutional rights" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

Cottone, 326 F.3d at 1360 (internal citations omitted). See also Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (affirming the district court's dismissal of the secretary of the DOC because the plaintiff failed to allege that the secretary personally participated in an action that caused the plaintiff injury or that the plaintiff's "injuries were the result of an official policy that [the secretary] established"); Harvey v. City of Stuart, 296 F. App'x 824, 826 (11th Cir. 2008) (per curiam) (affirming dismissal of a § 1983 action against a municipality because the plaintiff "failed to identify any policy or custom that caused a constitutional violation, and his vague and conclusory allegations were insufficient to support the complaint").

Douze does not allege that the Supervisory Defendants personally participated in the alleged denial of his constitutional rights. Moreover, he does not allege that the Supervisory Defendants had a policy, practice, or custom that resulted in constitutional violations, or that they were aware of widespread abuse by others. See Complaint at 16. Douze asserts only that "on information and belief," the Supervisory Defendants had a policy, practice, procedures, and customs "result[ing] from their failure to provide sufficient

funds and adequate medical staff to meet the medical needs of inmates." Id. Douze's self-serving, conclusory statement amounts to no more than a "naked assertion," which fails to satisfy the pleading standard. See Twombly, 550 U.S. at 570; Harvey, 296 F. App'x at 826.

Finally, because the Court finds that Douze has failed to state a claim for deliberate indifference against Defendant medical providers, Drs. Stamen and Martinez, there is no basis upon which to hold the supervisory entities liable, even if Douze had properly alleged they created or adopted an unconstitutional policy or custom.[5] See Ross v. Corizon Med. Servs., 700 F. App'x 914, 917-18 (11th Cir. 2017) (citing Craig v. Floyd Cty., 643 F.3d 1306, 1310 (11th Cir. 2011) ("[B]ecause [the plaintiff] has not demonstrated that there was a constitutional violation in this case, by extension, he cannot establish that Corizon participated in or caused such a violation."). Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of September, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c: Marvin Douze

---

[5] Because the Court finds that Douze's claim over which it has original jurisdiction is subject to dismissal, the Court declines to exercise supplemental jurisdiction over his alleged state law claim for negligence. See 28 U.S.C. § 1367(c)(3). In declining to exercise its supplemental jurisdiction, the Court makes no findings with respect to whether Douze could pursue a claim for negligence in state court against these Defendants based on these facts.

8